IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **08-cv-00073-JLK**

**ARKANSAS RIVER POWER AUTHORITY,**

    Plaintiff,

v.

**CITY OF RATON, New Mexico,**

    Defendant .

**ORDER**

Kane, J.

This matter is before me on Defendant's Motion for Dismissal under the Declaratory Judgment Act, 28 U.S.C. § 2201, or in the Alternative to Transfer Venue to the District of New Mexico or Stay Proceedings (Doc. 4), filed January 24, 2008. Having carefully considered the Motion, the parties' written arguments in support and opposition to it, and all applicable legal authorities, and being fully advised in the premises, I rule as follows:

In its Complaint for Declaratory Relief, Plaintiff Arkansas River Power Authority ("ARPA") seeks a declaratory judgment that: (1) it and its Board of Directors were authorized to issue additional bonds to complete the Lamar Repowering Project and to charge Defendant City of Raton ("Raton") and ARPA's other member municipalities rates sufficient to repay these bonds and (2) that Raton is obligated to purchase its

electrical requirements from ARPA at these rates and to charge its own electrical utility customers rates sufficient to maintain the debt service for the Repowering Project. Complaint, ¶ 24. This same dispute is the subject of a first-filed suit brought by Raton against the ARPA in the United States District Court for the District of New Mexico. *City of Raton v. Arkansas River Power Authority*, No. 08-cv-00026-JB-WDS (D.N.M). Based on the existence of this related case and other factors, Raton requests that I exercise my discretion under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, to dismiss this action or, in the alternative, ordered it transferred to the U.S. District Court for the District of New Mexico for consolidation with the related case pending there.

For the reasons stated below, I grant Raton's motion to dismiss this action. Under the Declaratory Judgment Act, I have discretion to determine whether to entertain a justiciable declaratory judgment action. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994); *Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989). In deciding whether to entertain such a suit, the Tenth Circuit requires that I consider:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co.*, 31 F.3d at 983.

After considering these factors, I conclude that dismissal of this declaratory judgment action is appropriate so that the parties' dispute can be fully resolved in the New Mexico action. The New Mexico action was first filed, involves the same parties, presents the same factual issues as this case and includes a request for declaratory judgment that is a reverse image of the declaratory relief the ARPA seeks in this court. The New Mexico action also involves other claims and relief not asserted here, including claims by Raton for damages under tort and contract theories and a request for permanent injunctive relief. The New Mexico action is, therefore, a better and more effective forum for fully resolving the controversy between the parties. *See State Farm Fire & Cas. Co.*, 31 F.3d at 984 (recognizing that need for independent declaratory judgment action is obviated by existence of an already-pending action that offers simpler and more efficient means of resolving parties' dispute). In fact, "a federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *Kunkel*, 866 F.2d at 1276.

The other *State Farm* factors enumerated above are largely inapplicable and in any event do not outweigh the fact that this action would not settle the controversy between the parties and that the New Mexico action provides a better opportunity for a complete and efficient resolution of the parties' dispute. In addition, I find that the public interest of the citizens and governmental agencies of New Mexico in this dispute, on balance, outweighs that of the citizens and governmental agencies of Colorado.

For all of these reasons, I GRANT Raton's motion and order that this action is hereby DISMISSED.

Dated this 7th day of March, 2008.

s/ John L. Kane  
John L. Kane, Senior District Judge  
United States District Court